**Not for Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff*, v. ERIK JOHNSON, *Defendant*. | Crim. No. 01-538 **OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

This matter comes before the Court by way of Defendant Erik Johnson's motion to reduce his sentence pursuant to the First Step Act. D.E. 242. The Government filed opposition, D.E. 253, to which Defendant replied, D.E. 255. The Court then ordered additional briefing, D.E. 256, which the parties submitted, D.E. 257, 258. The Court reviewed the parties' submissions and considered the motions without oral argument pursuant to Local Criminal Rule 1.1 and Local Civil Rule 78.1(b). The critical issue is whether Defendant is eligible for relief under the First Step Act. The Court finds that he is. Given recent guidance from the Third Circuit, the Court also permits the parties to submit additional information as to whether the Court should exercise its discretion and reduce Johnson's sentence.

### I.     BACKGROUND

The relevant facts are not in dispute. Following a jury trial in 2002, Johnson was convicted of a conspiracy to distribute, and possess with intent to distribute, more than 1 kilogram of heroin and more than 5 kilograms of cocaine base in violation of 21 U.S.C. § 846 (contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)). He was also found guilty of distribution of, and possession with intent

to distribute, heroin in violation of 21 U.S.C. § 841(b)(1)(C).  Because of a prior state drug conviction, his adjusted offense level under the United States Sentencing Guidelines was 45 which, when combined with a criminal history category of IV, resulted in a Guidelines range of life imprisonment.  He also faced a statutory mandatory minimum sentence of twenty years under 21 U.S.C. § 841(b)(1)(A).  On November 1, 2002, Johnson was sentenced to life imprisonment.

Following the passage of Amendment 782[1] to the Guidelines, Johnson moved for a sentence reduction.  On August 18, 2017, the district judge granted the motion and reduced Johnson's sentence to 480 months.

Johnson then made the current motion after the First Step Act was enacted.

## II.     LEGAL STANDARD & ANALYSIS

The Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010), made two critical changes as to sentencing when cocaine base is involved in the underlying criminal offense. The act amended 21 U.S.C. § 841(b)(1)(A)(iii), which carries a mandatory minimum sentence of 10 years and a maximum of life, to raise the threshold amount of cocaine base from 50 to 280 grams.  The Fair Sentencing Act similarly changed 21 U.S.C. § 841(b)(1)(B)(iii), which requires a mandatory minimum sentence of 5 years and a maximum of 40 years, to increase the requisite amount of cocaine base from 5 to 28 grams.  The Fair Sentencing Act, however, was not retroactive.

Eight years later, the First Step Act of 2018 was passed.  Section 404 of the First Step Act Provides as follows:

---

[1] "In November 2014, Amendment 782 to the United States Sentencing Guidelines became effective.  Amendment 782 reduced by 2 levels the base offense levels of various drug quantities." *United States v. Easter*, 975 F.3d 318, 320 (3d Cir. 2020) (citing U.S. Sentencing Guidelines Manual app. C, amend. 782 (U.S. Sentencing Comm'n 2014)).

>    (a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.
>
>    (b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.
>
>    (c) LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

Pub. L. No. 115-391, 132 Stat. 5194 § 404. Section 404 of the First Step Act essentially made sections 2 and 3 of the Fair Sentencing Act retroactive.

Whether a defendant is eligible for relief under Section 404 is a question of law; if a defendant is eligible, whether he/she receives relief is a matter of judicial discretion. Here, the parties disagree over Johnson's eligibility. Johnson was convicted of a dual object conspiracy as to both heroin and cocaine base. The relevant Fair Sentencing Act amendments only affected cocaine base. Johnson contends that because he was convicted of a conspiracy involving (in part) over 28 grams of cocaine base, and because this threshold amount was increased to 280 grams under the Fair Sentencing Act, he is eligible for relief under the First Step Act. D.E. 242 at 5-6. The Government responds that Johnson is wrong for two reasons. First, the Government posits, Johnson was also convicted of a conspiracy involving an amount of heroin that still imposes the

3

same statutory penalty, that is, a statutory mandatory minimum of twenty years and a maximum of life.  D.E. 253.  Second, the Government continues, Johnson was convicted of a conspiracy involving over five kilograms of cocaine base, which is well in excess of the 280 grams implemented by the Fair Sentencing Act.  *Id.* at 1.

Turning first to the Government's second argument, the Third Circuit has rejected this position.  In *United States v. Jackson*, 964 F.3d 197, 206, 207 (3d Cir. 2020), the Circuit ruled that eligibility under Section 404 of the First Step Act turns on a defendant's statute of conviction rather than the defendant's actual conduct.  Thus, even though the jury found that Johnson conspired as to more than five kilograms of cocaine, his statute of conviction was changed by the Fair Sentencing Act.

As to the Government's first argument – concerning a dual object conspiracy - the parties do not cite to any binding precedent nor could the Court locate any.  In an unpublished opinion, *United States v. Hardwick*, 802 F. App'x 707 (3d Cir. 2020), the Third Circuit noted the issue but expressly declined to rule on it.  However, the Court finds the following observation in a concurrence from the Sixth Circuit to be persuasive:

> I write separately to clarify that in my view, the question "we first must ask" in this case is "whether the sentencing court 'imposed a sentence' solely for a crack-cocaine offense," full stop.  Op. at 3 (quoting First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222).  Because the answer is yes, our job is done.  We have not yet ruled on the effect of a hybrid offense on eligibility for First Step Act relief, and this crack-cocaine-only case is not the appropriate vehicle for making that decision.  *See United States v. Hardwick*, 802 F. App'x 707, 711 (3d Cir. 2020) (distinguishing between statutory ineligibility and "a factor that the District Court can consider in the exercise of its discretion" to reduce a sentence"); *United States v. Wirsing*, 943 F.3d 175, 186 (4th Cir. 2019) ("There is no indication that Congress intended a complicated and eligibility-limiting determination at the 'covered offense' stage of the analysis."), *as amended* (Nov. 21, 2019).

> For when we do have occasion to reach the hybrid conviction issue, however, I note that our sister circuits that have considered it have uniformly found defendants with hybrid convictions eligible for First Step Act relief. The Fourth Circuit "see[s] nothing in the text of the [First Step] Act requiring that a defendant be convicted of a single violation of a federal criminal statute whose penalties were modified by section 2 or section 3 of the Fair Sentencing Act" to be eligible. [*United States v.] Gravatt*, [953 F.3d 258, 264 (4th Cir. 2020)]; *see also Wirsing*, 943 F.3d at 186. Emphasizing that only one covered offense is needed, the Seventh Circuit explains that "a defendant's conviction for a covered offense is a threshold requirement of *eligibility* for resentencing on an aggregate penalty." *United States v. Hudson*, 967 F.3d 605, 611 (7th Cir. 2020). The Eleventh Circuit has similarly found a defendant eligible when "at least some of [his] . . . convictions were covered offenses." *United States v. Shaw*, Nos. 19-12846, –– F. App'x ––, ––, 19-12921, 2020 WL 5909494, at *2 (11th Cir. Oct. 6, 2020).
>
> This approach makes sense. "Sentences for covered offenses are not imposed in a vacuum, hermetically sealed off from sentences imposed for non-covered offenses." *Hudson*, 967 F.3d at 611. And "if Congress intended for the [First Step] Act not to apply if a covered offense was combined with an offense that is not covered, it could have included that language. But it did not." *Gravatt*, 953 F.3d at 264. I would likewise "decline to expand the limitations crafted by Congress." *Id.* Because this case does not squarely present the hybrid conviction issue for our review, however, it is best left for another day.

*United States v. Mitchell*, -- F. App'x --, 2020 WL 6117698, *3-4 (6th Cir. 2020) (Stranch, J., concurring) (footnotes omitted). As a result, the Court also disagrees with the Government's first argument and finds that Johnson is eligible for relief under the First Step Act.

Having found that Johnson is eligible, the Court must next decide whether to exercise its discretion and grant him a reduced sentence. The Third Circuit recently spoke to a court's duty in this regard. In *United States v. Easter*, 975 F.3d 318, 323, 326 (3d Cir 2020), the Circuit ruled that when deciding a motion pursuant to the First Step Act, a district court must consider any applicable factors under 18 U.S.C. § 3553(a). The *Easter* court added that when conducting its analysis, the district judge should also consider any relevant "post-sentencing developments[.]" *Id.* at 327. The

5

court in *Easter*, however, also indicated that a defendant is not "entitled to a plenary resentencing hearing at which he would be present." *Id.* at 326.

Here, Johnson submitted his motion before the decision in *Easter*. At the time, Johnson appeared to believe that if he were eligible under the First Step Act, he would also receive a full sentencing rehearing during which he could speak. D.E. 242 at 1. As a result, it does not appear that Johnson fully addressed the factors that the Court must consider in deciding whether to grant him relief. Thus, the Court will permit the parties additional time to submit further information that they wish the Court to consider in deciding whether to grant Johnson relief.

### III. CONCLUSION

For the foregoing reasons, and for good cause shown,

It is on this 4th day of November 2020, hereby

**ORDERED** that Johnson's motion for a reduction of his sentence pursuant to the First Step Act, D.E. 242., is **GRANTED in part**. The Court finds that Johnson is eligible for relief under the First Step Act; and it is further

**ORDERED** that as to remaining issue, that is, whether the Court will grant Johnson's motion and reduce his sentence, the parties may submit additional information pursuant to the following schedule:

1. Defendant shall file any additional information, including legal argument, no later than December 4, 2020, and

2. The Government shall file an opposition no later than December 18, 2020.

_____
John Michael Vazquez, U.S.D.J.

6