<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

June 11, 2026

Erik Johnson
Reg. No. 21742-050
Federal Correctional Institution, FCI Danbury
Route 37
Danbury, CT 06811
*Pro Se*

Alison Thompson, Esq.
DOJ-USAO
970 Broad Street
Newark, NJ 07102
*Counsel for the United States of America*

**<u>LETTER OPINION FILED WITH THE CLERK OF THE COURT</u>**

**Re:  *United States v. Erik Johnson*, Crim. No. 1-538-02 (SDW)**

Parties:

Before this Court are Defendant Erik Johnson's ("Defendant") Motion for Reduction of Sentence Pursuant to Section 404 of the First Step Act and *Concepcion*[1] ("FSA *Concepcion* Motion")*,* and Defendant's Motion to Correct and/or Reconsider Sentencing Pursuant to Federal Rule of Criminal Procedure 35(a) ("Rule 35 Motion").  (D.E. 268; 273.)  This Court finds that, having considered the parties' submissions, and for the reasons set forth herein, Defendant's Motions are **DENIED**.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

This Court writes only for the parties and accordingly limits its discussion of the factual and procedural background to only the facts pertinent to the instant decision.  A more detailed summary of the factual and procedural background can be found in the two opinions issued by the

---

[1] Referring to *Concepcion v. United States*, 597 U.S. 481 (2022).

Third Circuit.  (D.E. 152 (affirming conviction and sentence); D.E. 240 (affirming sentence reduction).)

In June 2002, Defendant was tried and convicted of conspiracy to distribute and possess with intent to distribute, one (1) kilogram or more of heroin and five (5) kilograms or more of crack cocaine, in violation of 21 U.S.C. § 846 and a separate count in violation of 21 U.S.C. § 841(b)(1)(C), for distribution and possession with intent to distribute heroin.  Defendant was subject to an enhanced 21 U.S.C. § 851(a) penalty for a prior state drug conviction, which adjusted his offense level to forty-five under the Guidelines.  On November 1, 2002, Defendant was sentenced to life on one count and 240 months on the other, to run concurrently.  (D.E. 103.) Defendant's sentence was affirmed by the Third Circuit.  (D.E. 152.)

On May 19, 2016, Defendant moved for a reduction of his sentence under 18 U.S.C. § 3582(c)(2).  (D.E. 215.)  On August 18, 2017, Defendant's motion was granted, and his life sentence was reduced to 480 months.  (D.E. 227)  Defendant appealed the decision to the Third Circuit, which affirmed the reduction to forty years.  (D.E. 240.)  On September 4, 2019, Defendant moved to reduce his sentence under the First Step Act.  (D.E. 242.)  On November 4, 2020, the court determined that Defendant was eligible for relief under the First Step Act but requested additional briefing to determine whether the court would grant his motion and reduce his sentence. (D.E. 259.)  On January 12, 2022, the court denied Defendant's motion for a reduced sentence under the First Step Act.  (D.E. 265.)  Defendant appealed and the Third Circuit affirmed.  (D.E. 266; 270.)  On February 1, 2022, while his appeal was still pending, Defendant filed his Rule 35 Motion.  (D.E. 268.)  On March 3, 2023, Defendant filed this instant FSA *Concepcion* Motion. (D.E. 273.)

## II.    DISCUSSION

### A.  FSA *Concepcion* Motion

Defendant's FSA *Concepcion* Motion is essentially a motion for reconsideration, which is subject to the local rules.[2]  As such, Local Criminal Rule 1.1, which incorporates Local Civil Rule 7.1, requires that motions for reconsideration be filed within fourteen days of the relevant order. *United States v. Tablack*, No. 19-374, 2022 WL 37428, at *2 (D.N.J. Jan. 4, 2022).  Here, Defendant's motion was filed on March 3, 2023, over a year after the fourteen days elapsed, as the court issued the relevant opinion on January 12, 2022.  (D.E. 265.)  Accordingly, Defendant's motion is procedurally out of time.

Nonetheless, nothing within Defendant's motion demonstrates or  justifies  a different outcome.  Defendant argues that the ruling in *Concepcion* affirms Congress's intent to require a plenary resentencing hearing based on the chosen language of the statute.  (D.E. 273.)  Defendant argues that a full review requires an in-person plenary hearing.  (D.E. 273.)  However, a plenary hearing is not required or guaranteed under *Concepcion*.  *See United States v. Shields*, 48 F.4th 183, 192 (2022).  Additionally, *Concepcion* explains that the First Step Act limits a district courts'

---

[2] Defendant seeks reconsideration of the opinion issued on January 12, 2022.  The relief sought is a plenary hearing.

discretion to "entertain a motion made under this section to reduce a sentence . . . if the court already considered and rejected a motion under the First Step Act." *Concepcion,* 597 U.S. at 496 (citing First Step Act, § 404(c)).  That is the case here: Defendant was found eligible under the Act, but after a review on the merits, his motion was denied. (D.E. 265.)  Importantly, the Third Circuit affirmed that decision. (D.E. 270.)  The facts and circumstances of this case remain as they were when the court originally revisited the sentence via the First Step Act.  Accordingly, Defendant's FSA *Concepcion* Motion is denied.

**B**.  **Rule 35 Motion**

As a preliminary matter, this Court notes that it lacks jurisdiction to consider Defendant's Rule 35 Motion.  Under Rule 35(a), "within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35.  The fourteen-day time limit is jurisdictional and begins to run from the "oral pronouncement of sentencing." *United States v. Higgs*, 504 F.3d 456, 458 (3d Cir. 2007).  While the Rule 35 Motion was dated January 25, 2022 (thirteen days after the January 12, 2022 opinion), Rule 35(a) prevents this Court from making certain changes to a sentence after the period expires, "regardless of whether the motion itself was filed within the fourteen-day window." *United States v. Depack*, Civ. No. 18-00133, 2019 WL 262649, at *2 (D.N.J. Jan. 11, 2019) (citing *Higgs*, 504 F.3d at 458).

Defendant attempts to invoke the prison mailbox rule to cure these timing issues.   (D.E. 268.)  Under the prison mailbox rule, a pleading is deemed filed at the time a prisoner executes it and delivers it to prison authorities for mailing. *Moody v. Conroy*, 680 F. App'x 140, 144 (3d Cir. 2017).  However, even if the rule were applicable, it would not cure the Rule 35(a) jurisdictional defect as the rule limits this Court's action, not the Defendant's. *Higgs*, 504 F.3d at 458-59 ("[T]he [time] limit in the Rule does not apply to counsel's motion. It is expressly in terms of the District Court's action.").  This time limit is a "strict" jurisdictional requirement, "such that a district court lacks authority to act under the Rule outside this period." *United States v. Miller*, 594 F.3d 172, 182 (3d Cir. 2010) (citing *Higgs*, 504 F.3d at 458-59).  Therefore, this Court lacks jurisdiction to consider Defendant's Rule 35 Motion and must dismiss Defendant's motion.

 Moreover, even if this Court were to consider the merits of Defendant's Rule 35 Motion, nothing within it suggests a non-frivolous basis for overturning or reducing Defendant's sentence based on "clear error." *Higgs*, 504 F.3d at 457, 458.  Defendant bases his motion on two "clear errors". (D.E. 268.)  First, Defendant argues against the court's finding that he was involved in two separate incidents of assault against women during the charged conspiracy, as he was in custody at the time the said assaults took place. (D.E. 268.)  Second, Defendant argues against that court's conclusion that the heroin conspiracy, if separate, would subject him to the same sentencing Guidelines range. (D.E. 268.)

Defendant's first error fails to justify his Rule 35 Motion.  There are three instances of Defendant assaulting women in this case, but Defendant does not specify which of the three incidents he is referring to.  Regardless, all three incidents were examined during Defendant's trial and are now part of the official record, which cannot be changed.  Defendant's second error also fails to justify his Rule 35 Motion.  Defendant previously raised the argument on appeal, and at

most, the alleged error is harmless because Defendant was not convicted of a heroin-only offense. As such, any speculation as to a different charge does not meet the standard as being an "arithmetical, technical, or other clear error." F. R. Crim. P. 35(a).

The Motions raise no issues to suggest that this Court has the jurisdiction to adjust Defendant's sentence, his sentence is incorrect, or he is entitled to a plenary resentencing hearing. Therefore, Defendant has stated no claims that merit relief. Accordingly, this Court denies Defendant's Motions.

## III.    <u>CONCLUSION</u>

For the foregoing reasons, Defendant's Motions are **DENIED**. An appropriate order follows.


<u>      /s/ Susan D. Wigenton      </u>
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:    Clerk
cc:      Parties